**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EMPLOYERS MUTUAL CASUALTY COMPANY,**

Plaintiff,

v.

**WENDLAND & UTZ, LTD., TERRY LYNNE DJONNE, WEN-PO DANIEL SU, MAN-MEI NADINE SU, FREDERICK BANFIELD, and HEARTMAN AGENCY, INC.,**

Defendants.

Civil No. 01-46 (PAM/JGL)

**ORDER**

APPEARANCES

Timothy P. Tobin, Esq., on behalf of Plaintiff.

Britton D. Weimer, Esq., on behalf of Defendant Wendland & Utz, Ltd.

James Owen Redman, Esq., on behalf of Defendant Heartman Agency, Ltd.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 16, 2001, on Defendant Wendland & Utz's Motion to Amend Its Answer and Counterclaim, to Extend the Scheduling Order, and to Compel Discovery (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

OCT 26 2001
FILED RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTS

This case arises from an insurance coverage dispute. While on a work-related errand, Defendant Terry Djonne, an attorney with Defendant Wendland & Utz ("Wendland"), struck and seriously injured Defendant Dr. Wen-Po Daniel Su with his vehicle. As a result of the accident, Dr. Su sued Wendland as Defendant Djonne's employer. Plaintiff Employers Mutual Casualty Company, Wendland's business owner policy insurer, denied coverage for the accident. Wendland and Defendant Heartman Agency settled the claim with Dr. Su for one million dollars. In the instant case, Plaintiff seeks a declaratory judgement that its policy provided no coverage for Dr. Su's claim.

The Pretrial Order in this case set the deadline for amended pleadings as September 1, 2001. At the July 27, 2001 deposition of Defendant Frederick Banfield, the Heartman Agency agent through whom the Employers Mutual Casualty Company policy was written, Wendland first learned that Banfield's assumption that the insurance policy included the coverage in dispute was based on a conversation that Banfield asserts he had with one of Plaintiff's underwriters. In this conversation, Banfield allegedly asked one of Plaintiff's underwriters whether Wendland's business owner policy covered a hypothetical claim involving a secretary getting into an automobile accident while running business errands in her own car. The underwriter allegedly replied that such a situation was covered by the existing policy. After learning

about this conversation, Wendland began to consider the possibility of amending its Answer and Counterclaim to include claims of misrepresentation and reformation against Plaintiff. Plaintiff denies that the alleged conversation between Banfield and its underwriter took place.

Wendland filed its Motion to Amend its Answer and Counterclaim, to extend the Scheduling Order, and to Compel Discovery on October 1, 2001. Wendland argues that it missed the deadline for filing an amended pleading because it was diligently investigating the validity of the fraudulent or negligent misrepresentation and reformation claims before asserting them. Wendland seeks only to extend the Pretrial Order's deadline for amending the pleadings. If the motion is granted, Wendland would amend its Answer and Counterclaim to include the misrepresentation and reformation claims. Plaintiff responds that Wendland failed to act diligently because it had ample opportunity to amend its Answer and Counterclaim before the deadline set forth in the Pretrial Order. Plaintiff does admit, however, that granting Wendland's motion would not subjcct Plaintiff to prejudice.

## II. DISCUSSION

The motion before this Court originally contained a request to compel discovery. The parties have notified the Court that there are no remaining issues concerning this part of its motion. Therefore, this part of Wendland's motion is denied as moot.

A motion to amend a pleading after the pretrial deadline requires a two-step analysis. First, the moving party must show good cause to modify the pretrial schedule in accordance with D. Minn. LR 16.3 and Federal Rule of Civil Procedure 16(b). Only after good cause is shown to modify the schedule will the Court decide if justice requires granting the motion to amend. See Fed. R. Civ. P. 15(a). This two-step analysis is required because considering "only Rule 15(a) without regard to Rule 16(b), . . . would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Scheidecker v. Arvig Enter., Inc., 193 F.R.D. 630, 632 (D. Minn. 2000) (quoting In re Milk Prod. Antitrust Litig., 195 F.3d 430, 437-38 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000)). See also Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 582 (D. Minn. 1999); Luigino's Inc. v. Perzrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

**A. Defendant's Motion to Modify the Pretrial Schedule**

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001); Archer Daniels Midland, 187 F.R.D. at 583. Rule 16(b) focuses on the showing of good cause and

diligence by the movant, not whether the non-movant will be prejudiced. See Luigino's, 178 F.R.D. at 525.

The Court finds that Wendland has made a diligent attempt to comply with the original scheduling order. Wendland's motion to amend its pleadings is based on new information obtained in a deposition conducted on July 27, 2001. After obtaining this new information, Wendland investigated the claims of misrepresentation and reformation before moving to amend its pleadings to assert these allegations. Claims of fraud are serious assertions and Wendland acted responsibly by investigating the charges prior to asserting them. Wendland's recent acquisition of new information, its ensuing investigation of the claims, and the serious nature of the claims demonstrate the diligence necessary to satisfy the good cause requirement for modifying the pretrial order.

### B. Defendant's Motion to Amend the Answer and Complaint

Once a moving party has demonstrated good cause to amend the pretrial order, the Court looks at the motion to amend the pleadings. Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The right to amend, however, is not absolute. See Becker v. Univ. of Neb., at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); White Consol. Indus. v. Waterhouse, 158 F.R.D. 429, 434 (D. Minn. 1994). Courts have

taken a liberal position in granting leave to amend and such motions usually should be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Under Federal Rule of Civil Procedure 15(a)'s liberal amendment policy, "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Luigino's, 178 F.R.D. at 525; Becker, 191 F.3d at 908 (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)). Finally, an amendment to a pleading should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Luigino's, 178 F.R.D. at 525. Moreover, the inclusion of a claim based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder, 644 F.2d at 695 (citation omitted).

In this case, it is in the interest of justice to allow Wendland to amend its Answer and Counterclaim. Plaintiff has failed to demonstrate that

Wendland engaged in undue delay or bad faith regarding the proposed amendment. Furthermore, Plaintiff has not demonstrated the futility of the amendment or that the amendment would result in unfair prejudice to Plaintiff's case. First, Wendland did not unduly delay its motion to amend. After receiving new information, Wendland conducted an investigation of the new claims before asserting them. Wendland's motion was not filed significantly beyond the Pretrial Order's deadline. Second, Plaintiff did not argue that Wendland acted in bad faith in bringing this motion. Third, Plaintiff has admitted that amending the Answer and Counterclaim to include these claims would not unduly prejudice Plaintiff's case. The Court commends Plaintiff's counsel for acknowledging those facts. Based on the lack of undue delay and bad faith on the part of Wendland and the lack of prejudice to Plaintiff, it is in the interest of justice to allow amendment of the pleadings. Accordingly, Wendland's Motion to Amend Its Answer and Counterclaim is granted.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant Wendland & Utz's Motion to Amend Its Answer and Counterclaim, to Extend the Scheduling Order, and to Compel Discovery

(Doc. No. 9) is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order; and

(2) The pretrial schedule is amended as follows: Defendant Wendland & Utz's amendment to its Answer and Counterclaim must be filed by November 2, 2001; all other pretrial deadlines and the trial ready date remain unchanged.

Dated: October 26, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge