**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EMPLOYERS MUTUAL CASUALTY COMPANY,**

Plaintiff,

v.

**WENDLAND & UTZ, LTD., TERRY LYNNE DJONNE, WEN-PO DANIEL SU, MAN-MEI NADINE SU, FREDERICK BANFIELD, and HEARTMAN AGENCY, INC.,**

Defendants.

---

Civil No. 01-46 (PAM/JGL)

**ORDER**

APPEARANCES

Timothy Tobin, Esq., on behalf of Plaintiff.

William C. Weeding, Esq., on behalf of Defendant Wendland & Utz, Ltd.

James O. Redman, Esq., on behalf of Defendant Heartman Agency, Ltd.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 18, 2002 on Defendant Wendland & Utz's Motion to Compel Discovery (Doc. No. 22). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED 3-19-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ________
DEPUTY CLERK ________

## I. FACTS

This case arises from an insurance coverage dispute. While on a work-related errand, Defendant Terry Djonne, an attorney with Defendant Wendland & Utz ("Wendland"), struck and seriously injured Defendant Dr. Wen-Po Daniel Su with his vehicle. As a result of the accident, Dr. Su sued Wendland. Plaintiff Employers Mutual Casualty Company ("Employers"), Wendland's business insurer, denied coverage for the accident. Wendland and Defendant Heartman Agency settled the claim with Dr. Su for one million dollars. In the instant case, Employers seeks a declaratory judgement that its policy provided no coverage for Dr. Su's claim.

On July 27, 2001, Defendants conducted the deposition of Frederick Banfield, the insurance agent through whom Wendland's business insurance policy was written. During that deposition, Mr. Banfield stated that his assumption that Wendland's insurance policy contained a non-owned motor vehicle endorsement which would cover the accident was based on a conversation he had with Plaintiff's underwriter. According to Mr. Banfield, Plaintiff's underwriter stated that Wendland's policy would provide coverage in this situation. Plaintiff denies such a conversation ever took place.

On December 17, 2001 Defendant served Plaintiff with its third set of interrogatories. Interrogatory No. 2 asks "[h]ow many Business Owners Policies did you issue to law firms in 1997?" Interrogatory No. 3 asks "[h]ow

many of the Business Owners Policies that you issued to law firms in 1997 contained hired and non-owned automobile endorsements?"

On February 6, 2002, Plaintiff provided answers to the interrogatories. Plaintiff's answers to Interrogatories 2 and 3 stated:

> This Interrogatory is objected to on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and on the grounds that it requests information and disclosures which are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

(Def. Ex. D at 3, 4.)

On December 26, 2001, Defendant served Plaintiff with its fourth set of interrogatories and document requests. Document Request No. 1 seeks "[t]he declarations pages for all Business Owners Policies you issued or renewed to Minnesota law firms in 1997." Document Request No. 2 seeks "[t]he declarations pages for all Commercial general Liability policies you issued or renewed to Minnesota law firms in 1997."

Plaintiff served its responses on February 6, 2002. Plaintiff refused to produce any documents and made the following objections to both requests:

> The Request for Production . . . is objected to on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and on the grounds that it requests information and disclosures which are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. Furthermore, production of these documents would make disclosure of private and confidential information

> regarding Plaintiff's insureds and this Request is objected to on those grounds as well.

(Def. Ex. E at 2, 3.)

Defendant argues that the interrogatories and documents are relevant and designed to lead to the discovery of admissible evidence. Moreover, Defendant asserts that Plaintiff waived its objections based on overbreadth, vagueness, and burdensomeness because Defendant failed to respond to the discovery requests within thirty days as required by Federal Rules of Civil Procedure 33 and 34.

Plaintiff responds that the interrogatories are seeking irrelevant material insofar as they relate to "other" insurance policies or "most" insurance policies. Plaintiff asserts that even if other policies contain non-owned motor vehicle endorsements, that fact does nothing to support Defendant's contention that Plaintiff's underwriters made the alleged statements concerning Defendant's policy. In addition, Plaintiff asserts that it did not waive its right to object to the instant discovery requests.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of

admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

**A. Relevance**

In this case, the Court finds that Defendant's requests are relevant to Defendant's claims and are reasonably calculated to the discovery of admissible evidence. Defendant contends that if the documents demonstrate that a large majority of law firms' insurance policies contain non-owned motor vehicle endorsements, it is possible that Mr. Banfield told Defendant that its policy contained such an endorsement without first reading the actual policy. Defendant asserts that such evidence would support its reckless misrepresentation argument.

Plaintiff asserts that the only issue in this case is whether the alleged phone conversation between Mr. Banfield and Plaintiff's underwriter actually took place. According to Plaintiff, evidence related to other law firms' insurance policies and non-owned motor vehicle endorsements is not probative as to whether the conversation at issue ever occurred.

However, the Court finds compelling Defendant's argument that such information could be important objective evidence regarding the standard in the insurance industry. Both sides admit that this case boils down to a "he

said/she said" situation. In such a case, objective evidence may be helpful in ascertaining the truth. Our discovery standard is broad and the Court finds that Defendant's arguments have merit. See Fed. R. Civ. P. 26(b)(1). Whether the information will ultimately support Defendant's claims or be admissible at trial are issues not before this Court.

### B. Burdensomeness, Vagueness, and Confidentiality

Plaintiff stated that it would be time consuming to gather the requested discovery documents. However, at the motion hearing Plaintiff graciously withdrew its objections based on burdensomeness and vagueness. Plaintiff stated that it would also withdraw its objections based on confidentiality if the produced documents could be identified "For Attorneys' Eyes Only." Defendant did not object to this request. Accordingly, any documents Plaintiff produces pursuant to this Order may be identified as "For Attorneys' Eyes Only."

### C. Waiver

Since the Court has already considered Plaintiff's objections and ruled in favor of Defendant, it need not reach the issue of whether Plaintiff waived its right to object to Defendant's discovery requests.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant Wendland & Utz's Motion to Compel Discovery (Doc. No. 22) is **GRANTED**; and

(2) Plaintiff Employers Mutual Casualty Company must comply with the Order and respond to any outstanding discovery requests by April 19, 2002.

Dated: March 19, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge